UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROGER H. KAYE and<br>ROGER H. KAYE, MD PC, on behalf<br>of themselves and all others<br>similarly situated,<br><br>　　Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC. and<br>MEDLEARNING, INC.,<br><br>　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: CASE NO. 3:10-CV-1546(RNC)<br>:<br>:<br>:<br>:<br>: |

RULING AND ORDER

Plaintiffs Roger H. Kaye and Roger H. Kaye, MD PC (collectively "Kaye") bring this action against defendants Merck & Co., Inc. and Medlearning, Inc. alleging violations of 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"). Kaye alleges that defendants sent an unsolicited fax advertisement to Kaye's fax machine in violation of TCPA. Defendants move to dismiss Kaye's complaint. Docs. 36, 37, 43, 44. For the reasons set forth below, I deny the motions to dismiss without prejudice.

I. Discussion

There is no federal question jurisdiction in a TCPA case. See Gottlieb v. Carnival Corp., 436 F.3d 335, 336 (2d Cir. 2006); Foxhall Realty Law Offices, Inc. v. Telecomm. Premium Servs., Ltd., 156 F.3d 432, 434 (2d Cir. 1998). Kaye is entitled to proceed in federal court only if the action satisfies the requirements of the Class Action Fairness Act ("CAFA"). See 28

U.S.C. § 1332(d)(2005).

CAFA provides for jurisdiction when:

> the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which-
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2). There must be at least 100 class members. 28 U.S.C. § 1332(d)(5)(B).

Kaye has pleaded sufficient facts to establish a prima facie basis for CAFA jurisdiction. With regard to the amount in controversy, Kaye alleges that 10,000 or more faxes have been sent by defendants in violation of TCPA. TCPA provides for statutory damages of $500 for each violation. 47 U.S.C. § 227(b)(2)(G)(ii)(3). Thus, the amount in controversy can exceed $5 million. Kaye alleges that the citizenship of the parties satisfies CAFA's requirement of minimal diversity. And Kaye alleges that there are thousands of class members.

Defendants have moved to dismiss the complaint, partly on the basis that CAFA's requirements cannot be met as a matter of law. In this regard, defendants urge that the case is unsuitable for adjudication as a class action under Rule 23.

A district judge may certify a class only after determining

that Rule 23's requirements have been met.  See In re Initial Public Offerings Sec. Litig., 471 F.3d 24, 41 (2d Cir. 2006). The existing record is insufficient to permit a reliable determination of whether this case can be maintained as a class action.  Because further development of the record is required, discovery will be needed at this time.  To promote efficiency and avoid prejudice, discovery will be limited to issues necessary to determine whether a class meeting the requirements of CAFA should be certified.

II. Conclusion

Accordingly, the motions to dismiss are hereby denied without prejudice.  The parties are directed to confer in an attempt to reach agreement on a joint plan for discovery and to contact chambers to schedule a telephone conference.

So ordered this 30th day of September 2011.

/s/ RNC  
Robert N. Chatigny  
United States District Judge