```
            UNITED STATES DISTRICT COURT
              DISTRICT OF CONNECTICUT


ROGER H. KAYE and              :
ROGER H. KAYE, MD PC,          :
on behalf of themselves        :
and all others similarly       :
situated                       :
                               :
     Plaintiffs,               :
                               :
V.                             :   CASE No. 3:10-cv-1546(RNC)
                               :
MERCK & CO., INC. and          :
MEDLEARNING, INC.,             :
                               :
     Defendants.               :
```

                              ORDER

After considering the comments made by counsel during the telephone conference on January 21, 2014, and the parties' prior submissions, the Court concludes that the stay on discovery should be lifted at this time to permit pre-certification discovery with regard to whether faxes sent by the defendants in connection with the Saphris telesymposium were solicited or unsolicited.  This pre-certification discovery will be limited to faxes sent by defendants between September 29, 2006 and January 9, 2011, and will proceed as proposed by the defendants in their March 7, 2012 memorandum on the scope of discovery (ECF No. 81).[1]

---

[1] Defendants have offered to produce a redacted "contact record" showing an internal ID number for each person contacted, the address, a notation regarding how permission was received, and a date for the last contact with that person. Def's Mem. on Scope of Disc. (ECF No. 81) at 5-6. Defendants have also offered to provide documentary

1

The stay will remain in effect as to any additional discovery pending the outcome of proceedings in the U.S. Supreme Court in Nack v. Walburg, 715 F.3d 680 (8th Cir. 2013), petition for cert. filed (U.S. Oct. 15, 2013), and the outcome of proceedings before the Federal Communications Commission concerning the Commission's regulation of solicited faxes under the TCPA.  See Raitport v. Harbour Capital Corp., No. 09-cv-156-SM, 2013 WL 4883765, at *1 (D.N.H. Sept. 12, 2013) (staying proceedings pending final resolution of petitions in FCC Proceedings Nos. 02-278 and 05-338).

During the telephone conference, plaintiffs' counsel requested an opportunity to submit a brief on the issue whether this litigation should be stayed pending further developments in the proceedings before the Supreme Court and the FCC.  That request is granted.  Plaintiffs may file a memorandum, on or before February 26, 2014, showing why broader discovery should be permitted at this time.

The pending motion for class certification [ECF No. 74] is denied without prejudice to renewal after pre-certification discovery.

So ordered this 26th day of January, 2014.

/s/
Robert N. Chatigny, U.S.D.J.

---

discovery into the policies that established their methods for obtaining consent, including their call script, and non-cumulative depositions of personnel who implemented the policies.  Id. at 10.