UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROGER H. KAYE and          :
ROGER H. KAYE, MD PC,      :
on behalf of themselves    :
and all others similarly   :
situated,                  :
                           :
     Plaintiffs,           :
                           :
V.                         :   CASE No. 3:10-cv-1546(RNC)
                           :
MERCK & CO., INC. and      :
MEDLEARNING, INC.,         :
                           :
     Defendants.           :

RULING AND ORDER

This matter is before the Court on the plaintiffs' motion to lift the partial stay on discovery.  Both sides have submitted briefs and a telephone conference has been held.  After considering the parties' submissions, the Court adheres to its prior decision permitting only limited discovery pending the outcome of related proceedings before the Federal Communications Commission.

Plaintiffs Roger H. Kaye and Roger H. Kaye, MD, PC, bring this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Dr. Kaye received an unsolicited fax advertisement from the defendants inviting him to participate in a telesymposium regarding a drug named Saphris.  The TCPA makes it unlawful to send "unsolicited" advertisements to fax machines and creates a private right of action entitling the

1

recipient of such a fax to recover $500 in statutory damages.
Pursuant to the provision in the TCPA proscribing "unsolicited" faxes,
the FCC has adopted a rule, 47 C.F.R. 64.1200(a)(4)(iv), which
provides a private right of action for statutory damages for
*solicited* faxes that do not contain a detailed opt-out notice.
Invoking both the TCPA's proscription of unsolicited faxes and the
FCC's rule requiring an opt-out notice on solicited faxes, plaintiffs
seek to represent all persons to whom the defendants sent or caused
to be sent, during a four year period, unsolicited faxes and solicited
faxes with deficient opt-out notices.  Defendants deny that the fax
Dr. Kaye received concerning the Saphris telesymposium was
unsolicited and contend that the FCC's rule requiring detailed opt-out
notices on solicited faxes is invalid.

Since this action was filed in 2010, the parties and the Court
have had difficulty determining the appropriate scope of
pre-certification discovery.  Plaintiffs have requested discovery
relating to every fax the defendants sent during the applicable
four-year period on the ground that Dr. Kaye is entitled to represent
every person who received an unsolicited fax or a solicited fax with
a deficient opt-out notice during that time.  In support of their
position, plaintiffs maintain that the validity of the FCC's rule
requiring opt-out notices on solicited faxes cannot be challenged
in this action because of the Hobbs Act, 28 U.S.C. § 2342, which gives

the Courts of Appeals exclusive jurisdiction to determine the validity of FCC orders following appropriate administrative proceedings.  Defendants, on the other hand, seek to limit discovery to faxes concerning the Saphris telesymposium.  They contend that such a limitation is appropriate because the FCC's rule requiring opt-out notices on solicited faxes is invalid and the plaintiffs lack standing to represent persons who did not receive the fax received by Dr. Kaye.  Because of the wide divergence in the parties' positions, and the unsettled nature of the FCC's rule, essentially no discovery has been done.

Earlier this year, the Court issued an order lifting a stay on pre-certification discovery to permit limited discovery with regard to whether faxes sent by the defendants in connection with the Saphris telesymposium were solicited or unsolicited.  The order stated that the stay on discovery would remain in effect as to any additional discovery pending the outcome of related proceedings concerning the FCC's rule requiring opt-out notices on solicited faxes, specifically, proceedings in the U.S. Supreme Court in Nack v. Walburg, 715 F.3d 680 (8th Cir. 2013), petition for cert. filed (U.S. Oct. 15, 2013)(No. 13-486), and proceedings before the FCC itself.[1]

---

[1]The Supreme Court has since denied the petition for a writ of certiorari.  See Walburg v. Nack, No. 13-486, 2014 WL 1124926 (U.S. Mar. 24, 2014).

In Nack, a fax advertisement was sent to the plaintiff with the express consent of the plaintiff's agent but the fax lacked the opt-out notice mandated by the FCC.  The District Court granted summary judgment to the defendant finding that the FCC's rule requiring an opt-out notice applied to unsolicited faxes only.  The Eighth Circuit reversed based on a submission by the FCC stating that the opt-out requirement applies to all faxes.  The Court questioned the validity of the FCC's rule as thus interpreted but held that the Hobbs Act precluded it from entertaining a challenge to the rule because a petition challenging the rule had not been filed with the FCC.  In reversing the judgment, the Eighth Circuit indicated that the District Court had discretion to stay the action pending the filing of a petition with the FCC.  On the remand, the District Court granted the defendant's motion for such a stay.  See Nack v. Walburg, No. 4:10CV478 AGF, 2013 WL 4860104 (E.D. Mo. Sept. 12, 2013).

This Court's order maintaining a partial stay of discovery pending the outcome of proceedings before the FCC with regard to the opt-out notice requirement is in accord with decisions of other District Courts following the Eighth Circuit's decision in Nack.  See Physicians Healthsource, Inc. v. Purdue Pharma L.P., 3:12-CV-1208 (SRU), 2014 WL 518992, at *3 (D. Conn. Feb. 3 2014)("[A]lthough I am inclined to agree with the defendants that the FCC lacks authority

4

to regulate solicited faxes . . . and am not entirely persuaded by the Eighth Circuit's conclusion that the Hobbs Act bars me from reaching this conclusion, given the complete lack of Second Circuit precedent on this issue, a stay seems the wiser course of action."); Raitport v. Harbour Capital Corp., 09-CV-156-SM, 2013 WL 4883765, at *1 (D.N.H. Sept. 12, 2013) ("Given the substantial effect that the outcome of the pending administrative proceedings will have on disposition of the pending issues in this case, particularly with respect to certification of the proposed class, this litigation shall be stayed pending a final decision in those matters.").

Staying discovery in these circumstances is consistent with the primary jurisdiction doctrine, which applies "whenever enforcement of [a] claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body."  Fulton Cogeneration Associates v. Niagara Mohawk Power Corp., 84 F.3d 91, 97 (2d Cir. 1996).  In addition, such a stay is an appropriate exercise of the Court's inherent discretion to manage discovery to conserve judicial and litigant resources and avoid prejudice.  "A district court has broad latitude to determine the scope of discovery and to manage the discovery process."  EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012) cert. granted, 134 S. Ct. 895, 187 L. Ed. 2d 701 (U.S. 2014).  "The decision whether to issue a stay is firmly within

a district court's discretion," and in balancing the relevant factors "the basic goal is to avoid prejudice."  United Rentals, Inc. v. Chamberlain, 3:12-CV-1466 CSH, 2013 WL 6230094, at *3 (D. Conn. Dec. 2, 2013).

Plaintiffs contend that the primary jurisdiction doctrine does not apply because the FCC has already spoken clearly in support of its rule requiring opt-out notices on solicited faxes.  Defendants respond that the FCC is currently considering comments on the rule in the wake of the Eighth Circuit's decision in Nack.  Given the plaintiffs' arguments concerning the Hobbs Act and the current status of the proceeding before the FCC, I agree with the defendants that the primary jurisdiction doctrine applies.[2]

---

[2]   The primary jurisdiction doctrine requires consideration of four factors: "(1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) whether the question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a prior application to the agency has been made."  National Communications Ass'n v. AT&T, 46 F.3d 220, 223 (2d Cir. 1994).  With regard to the first two factors, the plaintiffs argue that the Hobbs Act prevents the Court from adjudicating the defendants' challenge to the validity of the FCC's rule requiring opt-out notices on solicited faxes.  Like Judge Underhill, I am not convinced that the Hobbs Act prevents me from addressing the defendants' challenge to the FCC rule, see Physicians Healthsource, Inc., 2014 WL 518992, at *3, but given the plaintiffs' insistence that the Hobbs Act applies and the lack of Second Circuit precedent, a stay seems reasonable and proper.  With regard to the other two factors, it is undisputed that both are satisfied.

Moreover, even accepting the plaintiffs' argument that the primary jurisdiction doctrine does not compel a stay, the Court has inherent discretion to maintain a partial stay of discovery in the circumstances presented here.  Under the present order, the plaintiffs can obtain discovery to determine whether the defendants' consent protocol was followed in connection with the Saphris telesymposium.  If discovery reveals that the consent protocol was followed, the defendants will be able to argue that the burdens of discovery relating to other faxes would be unwarranted.  If discovery reveals that the protocol was not followed, plaintiffs will have a stronger basis for their claim that broader discovery should be permitted.  For now, the broader discovery that plaintiffs seek would impose an undue burden on the defendants.  The Court concludes that the order currently in place "limit[s] discovery in a prudential and proportionate way."  See EM Ltd., 695 F.3d at 207.

Accordingly, plaintiffs' motion to lift the stay is denied. The limitation on the scope of discovery and the stay established by the Court's prior Order [ECF No. 114] remain in effect.

So ordered.


_____/s/_____
            Robert N. Chatigny
        United States District Judge



7